UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIMOTHY A. LOOMAN and LOOMAN
CONSTRUCTION, INC.,

        Plaintiffs,                       Case No. 1:13-CV-589

v.                                          HON. GORDON J. QUIST

STATE OF MICHIGAN, DEPARTMENT
OF LICENSING AND REGULATOR AFFAIRS,
BUREAU OF COMMERCIAL SERVICES

        Defendant.
_____/

## OPINION

Plaintiffs, Timothy A. Looman (Looman) and Looman Construction, Inc. (LCI), filed a complaint alleging that Defendant violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, during state court litigation that occurred in 2007. Plaintiffs request a declaration that orders entered in the state court litigation are void and unenforceable, and request damages, costs, and attorney fees pursuant to 11 U.S.C. § 362(k). Defendant, a department of the state of Michigan, moves to dismiss, arguing, among other things, that the Court should decline to exercise jurisdiction under the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

### I. BACKGROUND

This case centers around two orders entered in cases brought in state court in 2006 under the Michigan Construction Lien Act, which has since been repealed. *See* M.C.L.570.1203 (repealed 2010). The Construction Lien Act established the Michigan Homeowners Construction Lien Recovery Fund. *Id.* Under the Construction Lien Act, a person who was entitled to a lien on a

residential structure, generally a subcontractor or material man, could recover from the Fund if he could show that the owner or lessee of the residential structure paid a contractor, usually the general contractor, and that the contractor retained the proceeds without paying the person claiming the construction lien. *Id.*

LCI, a now dissolved corporation formed by Looman, previously held a residential building license. (Compl. ¶ 2.) LCI filed for bankruptcy in 2006. (*Id.* ¶ 11.) Thereafter, four lawsuits were filed in state court by LCI creditors or customers or Construction Lien Act claimants against other LCI creditors or customers or Construction Lien Act claimants. (*Id.* ¶ 16.) Looman was personally named as a defendant in these suits, but LCI was not. (*Id.* ¶¶ 15, 16.) The Fund was later joined as a defendant in three of the cases. (*Id.* ¶ 16.)

On February 21, 2007, the state court consolidated the four cases. (*Id.* ¶ 18.) On February 26, 2007, Looman filed for bankruptcy. (*Id.* ¶ 12.) Later that year, the state court entered two stipulated orders of settlement between the Fund and various parties to the consolidated cases. (*Id.* ¶¶ 21, 24.) In the settlements, the Fund agreed to pay the parties in exchange for the subrogation and assignment of the parties' claims against Looman and LCI. (*Id.* Ex. A, B.) The Fund did not pursue claims against Looman or LCI in the bankruptcy proceedings. (*Id.* ¶ 33.)

On September 17, 2009, the bankruptcy court closed the LCI bankruptcy case without granting a discharge. (*Id.* ¶ 11.) On October 10, 2010, the bankruptcy court closed the Looman bankruptcy case with an order granting a discharge for all dischargeable debts. (*Id.* ¶ 11.)

In 2011, Defendant commenced disciplinary proceedings against both Plaintiffs seeking restitution for amounts paid by the Fund to Fund claimants. (*Id.* ¶ 41.) During a hearing before an Administrative Law Judge (ALJ), Defendant introduced one of the settlement orders, dated October 25, 2007, to prove that it was entitled to restitution in the amount of the settlement. (*Id.* ¶ 42.)

Plaintiffs argued that they were not liable to the Construction Lien Act claimants or Defendant because Plaintiffs had never received payment from the homeowner, as required for a Construction Lien Act action against the Fund. (*Id.* ¶ 43.) Plaintiffs also argued that, if the order established liability, it violated the bankruptcy stay imposed by 11 U.S.C. § 362. (*Id.*)

On March 16, 2012, the ALJ issued a report recommending restitution to the Fund. (*Id.* ¶ 43.) Thereafter, Defendant ordered Plaintiffs to pay restitution and fines. (*Id.* ¶ 45.) Plaintiffs appealed the order to the Allegan County Circuit Court. (*Id.* ¶ 46.) On March 14, 2013, the circuit court denied Plaintiff's appeal, and affirmed a judgment ordering Plaintiffs to pay $33,920 in restitution, fines, and litigation costs. (*Id.*) In its opinion, the court noted that "the sanctions imposed by [Defendant] stem from the Order of this Court dated October 25, 2007." (*Id.*) On April 24, 2013, Plaintiffs filed an application for leave to appeal with the Michigan Court of Appeals. (*Id.* ¶ 47.)

On May 30, 2013, Plaintiffs filed a complaint with this Court. Although the orders upon which Plaintiffs' complaint are based were entered in 2007, this appears to be the first time that Plaintiffs have challenged the orders in federal court.

## II. DISCUSSION

Under the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of several types of judicial proceedings, including any action to recover a claim against the debtor that arose before the commencement of the bankruptcy action. 11 U.S.C. § 362(a). An individual injured by a willful violation of the automatic stay is entitled to recover actual damages, including costs and attorneys' fees, and may recover punitive damages. 11 U.S.C. § 362(k).

Plaintiffs rely on the automatic stay provision of the Bankruptcy Code to seek relief in federal court.[1] The heart of Plaintiffs' complaint is that Defendant is using the orders entered in 2007 — which Plaintiffs claim were entered in violation of the automatic stay — as evidence in state-court proceedings against Plaintiffs. Plaintiffs thus request a declaration that the orders are void and unenforceable. This would, according to Plaintiffs, "require that the Defendant produce in evidence in [the] disciplinary proceedings facts which established that the [Fund] properly and legally paid the various lien claimants." (Pls.' Resp. to Motion to Dismiss at 7.)

Although Plaintiffs attempt to frame their complaint as a claim under the Bankruptcy Code, their own pleadings make clear that the claim actually pertains to evidence considered by the state courts. Plaintiffs seek an order declaring that Defendant may not use certain evidence to prove liability in the state court action. This amounts to a request that this Court intervene in ongoing state court litigation, and is barred by the *Younger* doctrine. *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (3d Cir. 2008) ("*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.")

In *Younger*, the Supreme Court held that, absent unusual circumstances, federal court abstention is appropriate where a plaintiff seeks to obtain injunctive relief against state criminal proceedings. *Younger*, 401 U.S. 37, 91 S. Ct. 746. The Younger doctrine was subsequently extended to non-criminal proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982). *Younger* abstention is proper if three requirements are satisfied: (1) there are ongoing state judicial proceedings; (2) the proceedings involve important

---

[1] Although this opinion does not address the merits of Plaintiffs' claim, the Court notes that "case law firmly establishes the legal principle that the post-petition transfer of a claim from a creditor to an assignee does not violate the automatic stay." *Olick v. Northampton Cnty.*, No. 07-10880ELF, 2010 WL 4509828, at * 6 (Bankr. E.D. Pa. Nov. 9, 2010).

state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).

The three factors for abstention are satisfied in this case. First, there is an ongoing judicial proceeding because Plaintiffs have filed a notice of leave to appeal before the Michigan Court of Appeals. *See Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) ("[T]he proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed."). Second, the state seeks a significant amount of restitution for a state fund, which implicates an important state interest. Finally, there is nothing in the record to indicate that the state proceedings have not provided Plaintiffs with an opportunity to raise constitutional challenges. *See Squire*, 469 F.3d at 556 ("The plaintiff bears the burden of showing that state law barred presentation of his or her constitutional claims.")

### III. Conclusion

Because *Younger* abstention is appropriate, the Court will grant Defendant's motion and dismiss the Complaint without prejudice. *See Coles v. Granville*, 448 F.3d 853, 866 (3d Cir. 2013) ("A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance).

An Order consistent with this Opinion will issue.


Dated: October 18, 2013      /s/ Gordon J. Quist
                             GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE